Glenn R. Kantor – SBN 122643
 Email: gkantor@kantorlaw.net
Corinne Chandler –SBN 111423
 E-mail: cchandler@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
Norma Binkley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA BINKLEY,<br><br>   Plaintiff,<br><br>VS.<br><br>ANTHEM LIFE INSURANCE COMPANY and REACHLOCAL, INC. WELFARE PLAN,<br><br>   Defendant. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURTITY ACT OF 1974 ("ERISA"); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS.** |

Plaintiff Norma Binkley herein sets forth the allegations of her Complaint against defendant Anthem Life Insurance Company.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify

Plaintiff's rights to future benefits under an employee benefit plan.  Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of ReachLocal, Inc. and a resident in Los Angeles County, State of California.

3. Plaintiff is informed and believes that defendant Anthem Life Insurance Company ("Anthem Life") is a corporation with its principal place of business in the State of Georgia, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Anthem Life is the insurer of benefits under the ReachLocal, Inc. Welfare Plan ("LTD Plan") and has acted in the capacity of a plan administrator. Anthem Life administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Plaintiff is informed and believes that Anthem identifies the group long term disability policy it issued to ReachLocal, Inc. as Group Policy No. 166297 ("the Policy").

5. Plaintiff is informed and believes that the Policy was intended by Anthem Life to insure citizens of the State of California, including plaintiff herein, Norma Binkley.

6. Plaintiff is informed and believes that the Policy had an annual contract renewal and was renewed subsequent to January 1, 2012.

7. Defendant can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

# FIRST CAUSE OF ACTION
# AGAINST ANTHEM LIFE INSURANCE COMPANY AND REACHLOCAL WELFARE PLAN FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a)(1)(B))

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by ReachLocal, Inc., and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Defendant Anthem Life by virtue of Group Policy No. 166297 and Anthem Life was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

10. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

11. Pursuant to the terms of the LTD and Life Insurance Plan, Plaintiff made a claim to Anthem Life for LTD benefits under the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan. Plaintiff is informed and believes that her claim was assigned Claim No. LT00261167 by Anthem Life.

12. In or about June 2013, Plaintiff ceased work due to her disabling condition. Thereafter Plaintiff submitted a claim for LTD benefits to the Defendants. On or about July 19, 2016, defendants denied the claim for benefits on the grounds that Plaintiff did not timely file her claim.

13. Under the unpreempted law in the State of California, an insurer may not deny an alleged untimely claim submission unless the insurer has conducted a notice/prejudice inquiry and has determined that it actually sustained prejudice by the untimely claim submission. *Unum v. Ward*, 526 U.S. 358, 119 S. Ct. 1380 (1999).

14. Plaintiff thereafter timely appealed the claim denial and on May 18, 2017, defendant advised plaintiff that it was returning the file to its Claims Unit to conduct a "further investigation" to determine whether defendant sustained prejudice due to the allegedly untimely claim submission.

15. Plaintiff has exhausted her administrative remedies under the Plan in that she timely appealed the denial of her claim submission based on the reasons set forth in Anthem's July 19, 2016 denial letter

16. Anthem Life breached the LTD and Life Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to Plaintiff at a time when Anthem Life knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Anthem Life had such knowledge, Anthem Life denied Plaintiff's LTD benefits;

    (b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

    (c) After Plaintiff's claim was denied in whole or in part, Anthem Life failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

17. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

18. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

19. As a proximate result of the aforementioned wrongful conduct of defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

20. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

21. The wrongful conduct of defendants has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: June 5, 2017                    KANTOR & KANTOR, LLP

By:  /s/ Corinne Chandler
        Corinne Chandler
        Attorneys for Plaintiff,
        Norma Binkley

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT